IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Gainesville

JUN - 2 2004

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

GARLAND REYNOLDS,JR., As )
Administrator of the Estate )
of MATTHEW JOHN REYNOLDS and )
BONNIE J. REYNOLDS and )
GARLAND REYNOLDS, JR., as )
Surviving Parents of )
MATTHEW JOHN REYNOLDS, )
deceased, BONNIE J. REYNOLDS, )
Individually, and GARLAND )
REYNOLDS, JR., Individually )
and as Husband of Bonnie J. )
Reynolds, )
)
        Plaintiffs, )
)
    -vs.- )
)
GENERAL MOTORS CORPORATION )
A FOREIGN CORPORATION; )
)
        Defendant. )
_____ )

CASE #: _____

2 04-CV-0106 -WCO

## COMPLAINT

### JURISDICTION

Jurisdiction is based upon diversity of citizenship and the amount in controversy. Plaintiffs and Plaintiffs' decedent are and were resident citizens of Hall County, Georgia; the Defendant General Motors Corporation, (hereinafter referred to as "GM"), is a foreign corporation. GM is a Delaware Corporation with its principal place of business outside the State of Georgia but it is authorized to do and is doing business in the State of Georgia and has appointed Corporation Process Company, 180 Cherokee Street NE, Marietta, Georgia 30060 as its registered agent for

service for suits brought against it in the State of Georgia.
Venue is proper in the United States District Court, Northern
District of Georgia, Gainesville Division by virtue of GM having
agencies and franchises operating in Hall County, Georgia.
Further, venue is proper in said District and Division because
the rollover and collision occurred in Hall County, Georgia and
the Plaintiffs and Plaintiffs' decedent were residents of Hall
County Georgia on June 3, 2002.  The Plaintiffs continue to be
residents of Hall County, Georgia.  GM may be served by serving
its registered agent Corporation Process Company at the aforesaid
address.  Jurisdiction and venue is based upon Title 28 U.S.C.
§1332(a) and Title 28 U.S.C. §1391(a) respectively.

Further, the matter in controversy exceeds the sum or value
of $75,000.00, exclusive of interest and cost.

## INTRODUCTION AND PARTIES

Plaintiffs sue Defendant and say:

1.

This is an action for damages based on a motor vehicle
collision which occurred on June 3, 2002 in Hall County, Georgia,
when decedent, a minor child, was killed when the vehicle in
which he was riding rolled over.

2.

Plaintiffs Garland Reynolds, Jr. and Bonnie J. Reynolds are
the natural parents of Matthew John Reynolds deceased, and are

-2-

jointly empowered to bring this action for the wrongful death of their son under O.C.G.A §19-7-1 and O.C.G.A. §51-4-4.

3.

Plaintiff Garland Reynolds, Jr. as Administrator of the Estate of Matthew John Reynolds is entitled to bring this action against GM for the pain and suffering Matthew John Reynolds endured prior to his death.

4.

Plaintiffs were and are residents of the State of Georgia.

5.

GM is a foreign corporation doing business in Georgia, which manufactures, designs, markets, and sells automobiles which enter the channels of commerce and are sold to consumers in Georgia including Hall County, Georgia.  GM has business agencies and franchise operations in Hall County, Georgia.

6.

GM manufactured and sold the vehicle involved in this mishap, one 1995 Chevrolet Blazer VIN 1GNDT13W7S2237291, which was purchased by Plaintiffs in the normal course of commerce within the State of Georgia.

7.

On or about June 3, 2002 Plaintiff Bonnie J. Reynolds and Matthew John Reynolds were riding in the mishap vehicle when it was struck by another vehicle and after traveling a considerable

-3-

distance subsequently rolled over. The decedent was ejected from
the vehicle and died as a result.

COUNT I.

**STRICT LIABILITY FOR DEFECTS IN CHEVROLET BLAZER**

8.

Plaintiffs incorporate herein by reference all allegations
contained in the Jurisdiction Paragraph and Paragraphs numbered 1
through 7 hereinabove, respectively.

9.

The mishap vehicle was defective in design and unreasonably
dangerous to foreseeable users in that it had an unreasonable
susceptibility or tendency to rollover, was not appropriately
crash worthy by design, and had a defective seat belt mechanism
in one or more of the following particulars:

a.   The vehicle was designed with a center of mass
positioned excessively high which caused a high propensity for
rollover.

b.   The vehicle failed to have adequate and sufficient
warnings to potential users of its propensity for rollover.

c.   The vehicle was designed with suspension defects which
caused it to become unstable in yaw and/or to "oversteer"
excessively, which oversteer led to loss of control and rollover.

d.   The vehicle was designed with suspension defects which
caused excessive lateral shifting of the center of mass under

-4-

lateral acceleration, rendering it more susceptible to rollover.

     e.   The vehicle had other defects presently unknown that rendered it unreasonably susceptible to rollover and to not be crash worthy in foreseeable and normal circumstances.

     f.   The mishap vehicle was defective in design and unreasonably dangerous to foreseeable users in that it had inadequate door retention capacity which permitted its passenger door to open prematurely and without command, leading to the ejection of decedent from the vehicle.

     g.   The mishap vehicle was defective in design and unreasonably dangerous to foreseeable users in that it had inadequate roof structure and integrity,  which permitted the roof on the passenger side to collapse, injuring the decedent.

10.

The mishap vehicle was defective in design and unreasonably dangerous to foreseeable users in that it had improper seat belt or seat buckle design,  which permitted premature release of the decedent's seat belt, injuring the decedent.

11.

The mishap vehicle had other defects not presently understood or appreciated that led to the death of decedent.

12.

GM knew that the vehicle would be used without inspection for the defects enumerated above by the occupants.

-5-

13.

The vehicle reached the Plaintiff without substantial change in condition from its manufacture.

14.

The defects enumerated above were unexpected by ordinary consumers, and the vehicle failed to perform as expected by ordinary consumers.

15.

The defects enumerated above proximately led to the death of the decedent and the injury to Bonnie J. Reynolds.

16.

GM is strictly liable for design and manufacture of the subject vehicle with the defects enumerated above.

COUNT II.

**NEGLIGENCE OF GM**

17.

Plaintiffs incorporate herein by reference all allegations contained in the Jurisdiction Paragraph, Paragraphs numbered 1 through 7 and paragraphs numbered 8 through 16 of  Count I of the Complaint hereinabove, respectively.

18.

GM negligently designed, manufactured, and sold the subject vehicle with the defects enumerated above.

-6-

19.

GM failed to test, inspect, and to test adequately, the subject vehicle, which tests and/or inspections would have revealed the defects enumerated above.

20.

The negligent acts of GM proximately caused the death of the decedent and the injury to Bonnie J. Reynolds.

COUNT III.

21.

Plaintiffs incorporate herein by reference all the previous allegations contained in the Jurisdiction Paragraph, Paragraphs numbered 1 through 7, Paragraphs numbered 8 through 16 of Count I, and Paragraphs numbered 17 through 20 of Count II of the Complaint hereinabove, respectively.

22.

As a result of the vehicle rollover and ensuing events, Matthew John Reynolds endured severe pain and suffering prior to his death.  As the Administrator of the Estate of Matthew John Reynolds, Plaintiff Garland Reynolds, Jr. is entitled to recover from the Defendant for the pain and suffering endured by Matthew John Reynolds.

COUNT IV

23.

Plaintiffs incorporate herein by reference all allegations

-7-

contained in the Jurisdiction Paragraph, Paragraphs numbered 1
through 7, Paragraphs numbered 8 through 16 of Count I,
Paragraphs numbered 17 through 20 of Count II, and Paragraphs
numbered 21 through 22 of Count III of the Complaint hereinabove,
respectively.

24.

The death of Matthew John Reynolds was caused by the vehicle
rollover and ensuing events.  Plaintiffs Garland Reynolds, Jr.
and Bonnie J. Reynolds, as surviving parents of Matthew John
Reynolds are entitled to recover damages for the full value of
the life of Matthew John Reynolds from the Defendant.

COUNT V

25.

Plaintiffs incorporate herein by reference all allegations
contained in the Jurisdiction Paragraph, Paragraphs numbered 1
through 7, Paragraphs numbered 8 through 16 of Count I,
Paragraphs numbered 17 through 20 of Count II, Paragraphs
numbered 21 through 22 of Count III, and Paragraphs numbered 23
through 24 of Count IV of the Complaint hereinabove,
respectively.

26.

Bonnie J. Reynolds sustained serious bodily injuries as a
result of the vehicle rollover and ensuing events.  She is
entitled to recover from the Defendant for her personal injuries

including physical injury, pain, suffering and emotional damages.

COUNT VI.

27.

Plaintiffs incorporate herein by reference all allegations contained in the Jurisdiction Paragraph, Paragraphs numbered 1 through 7, Paragraphs numbered 8 through 16 of Count I, Paragraphs numbered 17 through 20 of Count II, Paragraphs numbered 21 through 22 of Count III, Paragraphs numbered 23 through 24 of Count IV, and Paragraph numbered 25 through 26 of Count V of the Complaint hereinabove, respectively.

28.

Garland Reynolds, Jr. as husband of Bonnie J. Reynolds has suffered the loss of the sex, society and consortium of his wife Bonnie J. Reynolds as a result of the vehicle rollover and ensuing events as previously described. He is entitled to recover for his loss of sex, society and consortium of his wife.

**PRAYER FOR RELIEF**

*Wherefore Plaintiffs demand judgment from Defendant* for damages, including all damages available under Georgia law, medical and funeral expenses, loss of earnings and the capacity to earn, loss of net accumulations, costs, interests, fees, FULL VALUE OF THE LIFE OF Matthew John Reynolds, injury to Bonnie J.

-9-

Reynolds, loss of consortium and such other remedies as should be proper, and demand a trial by jury.

Submitted this 2ⁿᵈ day of June 2004.

BLASINGAME, BURCH, GARRARD,
BRYANT & ASHLEY, P.C.

BY: _Gary B Blasingame_
    GARY B. BLASINGAME
    STATE BAR NO. 062900
    HENRY G. GARRARD, III
    STATE BAR NO. 286300

P. O. Box 832
Athens, Georgia 30603
(706) 354-4000 Telephone
(706) 353-0673 Facsimile
email: gbb@bbgbalaw.com
       hgg@bbgbalaw.com

SPOHRER WILNER MAXWELL &
MATTHEWS PA.
NORWOOD S. WILNER
Florida Bar No. 222194

701 W. Adams St.
Jacksonville FL 32204.
(904) 354-8310 Telephone
(904) 358-6889 Facsimile
email: nwilner@swmmlaw.com

ATTORNEY FOR PLAINTIFFS

-10-