FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

AUG 8 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| GARLAND REYNOLDS, JR., As Administrator of the Estate of MATTHEW JOHN REYNOLDS and BONNIE J. REYNOLDS and GARLAND REYNOLDS, JR., as Surviving Parents of MATTHEW JOHN REYNOLDS, deceased, BONNIE J. REYNOLDS, Individually, and GARLAND REYNOLDS, JR., Individually and as Husband of Bonnie J. Reynolds,<br><br>Plaintiffs,<br><br>-vs.-<br><br>GENERAL MOTORS CORPORATION A FOREIGN CORPORATION;<br><br>Defendant. | CASE #: 2 04-CV-0106-RWS |

**FIRST AMENDED COMPLAINT**

JURISDICTION

Jurisdiction is based upon diversity of citizenship and the amount in controversy. Plaintiffs and Plaintiffs' decedent are and were resident citizens of Hall County, Georgia; the Defendant General Motors Corporation, (hereinafter referred to as "GM"), is a foreign corporation. GM is a Delaware Corporation with its principal place of business outside the State of Georgia but it is authorized to do and is doing business in the State of Georgia and has appointed Corporation Process Company, 180 Cherokee Street NE, Marietta, Georgia 30060 as its registered agent for

service for suits brought against it in the State of Georgia. Venue is proper in the United States District Court, Northern District of Georgia, Gainesville Division by virtue of GM having agencies and franchises operating in Hall County, Georgia. Further, venue is proper in said District and Division because the rollover and collision occurred in Hall County, Georgia and the Plaintiffs and Plaintiffs' decedent were residents of Hall County Georgia on June 3, 2002. The Plaintiffs continue to be residents of Hall County, Georgia. GM may be served by serving its registered agent Corporation Process Company at the aforesaid address. Jurisdiction and venue is based upon Title 28 U.S.C. §1332(a) and Title 28 U.S.C. §1391(a) respectively.

Further, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost.

## INTRODUCTION AND PARTIES

Plaintiffs sue Defendant and say:

1.

This is an action for damages based on a motor vehicle collision which occurred on June 3, 2002 in Hall County, Georgia, when decedent, a minor child, was killed when the vehicle in which he was riding rolled over.

2.

Plaintiffs Garland Reynolds, Jr. and Bonnie J. Reynolds are the natural parents of Matthew John Reynolds deceased, and are

jointly empowered to bring this action for the wrongful death of their son under O.C.G.A § 19-7-1 and O.C.G.A. § 51-4-4.

3.

Plaintiff Garland Reynolds, Jr. as Administrator of the Estate of Matthew John Reynolds is entitled to bring this action against GM for the pain and suffering Matthew John Reynolds endured prior to his death.

4.

Plaintiffs were and are residents of the State of Georgia.

5.

GM is a foreign corporation doing business in Georgia, which manufactures, designs, markets, and sells automobiles which enter the channels of commerce and are sold to consumers in Georgia including Hall County, Georgia. GM has business agencies and franchise operations in Hall County, Georgia.

6.

GM manufactured and sold the vehicle involved in this mishap, one 1995 Chevrolet Blazer VIN 1GNDT13W7S2237291, which was purchased by Plaintiffs in the normal course of commerce within the State of Georgia.

7.

On or about June 3, 2002 Plaintiff Bonnie J. Reynolds and Matthew John Reynolds were riding in the mishap vehicle when it was struck by another vehicle and after traveling a considerable

distance subsequently rolled over. The decedent was ejected from the vehicle and died as a result.

<div style="text-align:center">COUNT I.</div>

**<div style="text-align:center">STRICT LIABILITY FOR DEFECTS IN CHEVROLET BLAZER</div>**

<div style="text-align:center">8.</div>

Plaintiffs incorporate herein by reference all allegations contained in the Jurisdiction Paragraph and Paragraphs numbered 1 through 7 hereinabove, respectively.

<div style="text-align:center">9.</div>

The mishap vehicle was defective in design and unreasonably dangerous to foreseeable users in that it had an unreasonable susceptibility or tendency to rollover, was not appropriately crash worthy by design, and had a defective seat belt mechanism in one or more of the following particulars:

    a.   The vehicle was designed with a center of mass positioned excessively high which caused a high propensity for rollover.

    b.   The vehicle failed to have adequate and sufficient warnings to potential users of its propensity for rollover.

    c.   The vehicle was designed with suspension defects which caused it to become unstable in yaw and/or to "oversteer" excessively, which oversteer led to loss of control and rollover.

    d.   The vehicle was designed with suspension defects which caused excessive lateral shifting of the center of mass under

lateral acceleration, rendering it more susceptible to rollover.

e. The vehicle had other defects presently unknown that rendered it unreasonably susceptible to rollover and to not be crash worthy in foreseeable and normal circumstances.

f. The mishap vehicle was defective in design and unreasonably dangerous to foreseeable users in that it had inadequate door retention capacity which permitted its passenger door to open prematurely and without command, leading to the ejection of decedent from the vehicle.

g. The mishap vehicle was defective in design and unreasonably dangerous to foreseeable users in that it had inadequate roof structure and integrity, which permitted the roof on the passenger side to collapse, injuring the decedent.

10.

The mishap vehicle was defective in design and unreasonably dangerous to foreseeable users in that it had improper seat belt or seat buckle design, which permitted premature release of the decedent's seat belt, injuring the decedent.

11.

The mishap vehicle had other defects not presently understood or appreciated that led to the death of decedent.

12.

GM knew that the vehicle would be used without inspection for the defects enumerated above by the occupants.

13.

The vehicle reached the Plaintiff without substantial change in condition from its manufacture.

14.

The defects enumerated above were unexpected by ordinary consumers, and the vehicle failed to perform as expected by ordinary consumers.

15.

The defects enumerated above proximately led to the death of the decedent and the injury to Bonnie J. Reynolds.

16.

GM is strictly liable for design and manufacture of the subject vehicle with the defects enumerated above.

COUNT II.

**NEGLIGENCE OF GM**

17.

Plaintiffs incorporate herein by reference all allegations contained in the Jurisdiction Paragraph, Paragraphs numbered 1 through 7 and paragraphs numbered 8 through 16 of Count I of the Complaint hereinabove, respectively.

18.

GM negligently designed, manufactured, and sold the subject vehicle with the defects enumerated above.

19.

GM failed to test, inspect, and to test adequately, the subject vehicle, which tests and/or inspections would have revealed the defects enumerated above.

20.

The negligent acts of GM proximately caused the death of the decedent and the injury to Bonnie J. Reynolds.

COUNT III.

21.

Plaintiffs incorporate herein by reference all the previous allegations contained in the Jurisdiction Paragraph, Paragraphs numbered 1 through 7, Paragraphs numbered 8 through 16 of Count I, and Paragraphs numbered 17 through 20 of Count II of the Complaint hereinabove, respectively.

22.

As a result of the vehicle rollover and ensuing events, Matthew John Reynolds endured severe pain and suffering prior to his death. As the Administrator of the Estate of Matthew John Reynolds, Plaintiff Garland Reynolds, Jr. is entitled to recover from the Defendant for the pain and suffering endured by Matthew John Reynolds.

COUNT IV

23.

Plaintiffs incorporate herein by reference all allegations contained in the Jurisdiction Paragraph, Paragraphs numbered 1 through 7, Paragraphs numbered 8 through 16 of Count I, Paragraphs numbered 17 through 20 of Count II, and Paragraphs numbered 21 through 22 of Count III of the Complaint hereinabove, respectively.

24.

The death of Matthew John Reynolds was caused by the vehicle rollover and ensuing events. Plaintiffs Garland Reynolds, Jr. and Bonnie J. Reynolds, as surviving parents of Matthew John Reynolds are entitled to recover damages for the full value of the life of Matthew John Reynolds from the Defendant.

COUNT V

25.

Plaintiffs incorporate herein by reference all allegations contained in the Jurisdiction Paragraph, Paragraphs numbered 1 through 7, Paragraphs numbered 8 through 16 of Count I, Paragraphs numbered 17 through 20 of Count II, Paragraphs numbered 21 through 22 of Count III, and Paragraphs numbered 23 through 24 of Count IV of the Complaint hereinabove, respectively.

26.

Bonnie J. Reynolds sustained serious bodily injuries as a result of the vehicle rollover and ensuing events. She is

entitled to recover from the Defendant for her personal injuries including physical injury, pain, suffering and emotional damages.

COUNT VI.

27.

Plaintiffs incorporate herein by reference all allegations contained in the Jurisdiction Paragraph, Paragraphs numbered 1 through 7, Paragraphs numbered 8 through 16 of Count I, Paragraphs numbered 17 through 20 of Count II, Paragraphs numbered 21 through 22 of Count III, Paragraphs numbered 23 through 24 of Count IV, and Paragraph numbered 25 through 26 of Count V of the Complaint hereinabove, respectively.

28.

Garland Reynolds, Jr. as husband of Bonnie J. Reynolds has suffered the loss of the sex, society and consortium of his wife Bonnie J. Reynolds as a result of the vehicle rollover and ensuing events as previously described. He is entitled to recover for his loss of sex, society and consortium of his wife.

COUNT VII

PUNITIVE DAMAGES

29.

Plaintiffs incorporate herein by reference all allegations contained in the Jurisdiction Paragraph, Paragraphs numbered 1 through 7, Paragraphs numbered 8 through 16 of Count I, Paragraphs numbered 17 through 20 of Count II, Paragraphs

numbered 21 through 22 of Count III, Paragraphs numbered 23 through 24 of Count IV, Paragraphs numbered 25 through 26 of Count V, and Paragraphs numbered 27 and 28 of Count VI of the Complaint hereinabove, respectively.

30.

Defendant knew of the defects involving its 1995 Chevrolet Blazer vehicle, as more fully described above, and in spite of such knowledge, Defendant willfully, wantonly, recklessly and with such entire want of care to raise the presumption of conscious indifference to the consequences, continued to sell the vehicle to the consuming public and maintained it in the stream of commerce without a recall or a remedy of its defects, and failed to warn consumers of the dangerous defects of the product.

31.

Despite its knowledge of the defects involving its 1995 Chevrolet Blazer vehicle, Defendant willfully, wantonly, recklessly and with such entire want of care to raise the presumption of conscious indifference to the consequences failed to provide any adequate warnings to the consuming public in general, or to Plaintiffs in particular, at any time since the manufacture of the subject 1995 Chevrolet Blazer vehicle of the defects described above.

32.

Defendant acted willfully, wantonly, recklessly and with

that entire want of care raising the presumption of conscious indifference to the consequences in its design and sale of the 1995 Chevrolet Blazer vehicle.

33.

Defendant's conduct as outlined hereinabove constitutes such willful misconduct, malice, wantonness, oppression, or that entire want of care raising the presumption of conscious indifference to consequences entitling Plaintiffs to an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1 and other applicable law in an amount to be determined by a jury at any trial of this action.

**PRAYER FOR RELIEF**

*Wherefore Plaintiffs demand judgment from Defendant* for damages, including all damages available under Georgia law, pain and suffering, medical and funeral expenses, loss of earnings and the capacity to earn, loss of net accumulations, costs, interests, fees, FULL VALUE OF THE LIFE OF Matthew John Reynolds, injury to Bonnie J. Reynolds, loss of consortium, punitive damages in an amount to be determined by the jury, and such other remedies as should be proper, and demand a trial by jury.

Submitted this _____ day of _____ 2006.

ATTORNEY FOR PLAINTIFFS

BLASINGAME, BURCH, GARRARD,
BRYANT & ASHLEY, P.C.

BY: _____

-11-

GARY B. BLASINGAME  
GEORGIA BAR NO. 062900  
P. O. Box 832HENRY G. GARRARD, III  
Athens, Georgia 30603GEORGIA BAR NO. 286300  
(706) 354-4000 Telephone  
(706) 353-0673 Facsimile  
email: gbb@bbgbalaw.com  

SPOHRER WILNER MAXWELL &  
MATTHEWS PA.  
701 W. Adams St.NORWOOD S. WILNER  
Jacksonville FL 32204.FLORIDA BAR NO. 222194  
(904) 354-8310 Telephone  
(904) 358-6889 Facsimile  
email: nwilner@swmmlaw.com

-12-