IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| GARLAND REYNOLDS, JR., as Administrator of the Estate of MATTHEW JOHN REYNOLDS and BONNIE J. REYNOLDS and GARLAND REYNOLDS, JR., as Surviving Parents of MATTHEW JOHN REYNOLDS, deceased, BONNIE J. REYNOLDS, Individually, and GARLAND REYNOLDS, JR., Individually and as Husband of BONNIE J. REYNOLDS,<br><br>  Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS CORPORATION, a foreign corporation,<br><br>  Defendant. | CASE #: 2 04-CV-0106-RWS |

## CONSOLIDATED PRETRIAL ORDER

1.

There are no motions or other matters pending for consideration by the court except as noted:

**Plaintiffs filed a motion in limine as to the seatbelt issue on April 8, 2008. Defendant has until May 2, 2008 to file its response. Any other motions**

**in limine to be filed by a party shall be filed fourteen (14) days before any scheduled trial of this matter. The opposing party shall then have seven (7) days from service of same in which to file any response.**

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is not resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**The parties do not anticipate any additional discovery.**

3.

Unless otherwise noted, the names of the parties as show in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**Agreed.**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

**Jurisdiction is based on the diversity of citizenship pursuant to 28**

2

U.S.C. § 1332.

5.

The following individually-named attorneys are hereby designed as lead counsel for the parties:

    Plaintiffs:    Henry G. Garrard, III
Andrew J. Hill, III
Blasingame, Burch, Garrard & Ashley, P.C.
P.O. Box 832
Athens, Georgia 30603
(706) 354-4000
(706) 353-0673 fax

Norwood S. Wilner
Aaron Metcalf
Wilner Block, PA
3127 Atlantic Blvd., Suite 3
Jacksonville, Florida 32207
(904) 446-9817
(904) 446-9825 fax

    Defendant:    Thomas M. Klein
Bowman and Brooke, LLP
2901 North Central Avenue
Suite 1600
Phoenix, Arizona 85012
(602) 643-2300
(602) 248-0947 fax

W. Ray Persons
Robert B. Friedman
King & Spalding, LLP
1180 Peachtree Street
Atlanta, Georgia 30309
(404) 572-2494 (Persons)
(404) 572-2805 (Friedman)

(404) 572-5100 fax

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**There is no reason why Plaintiffs should not be entitled to open arguments to the jury.**

7.

The captioned case shall be tried ( **X** ) to a jury or ( ) to the court without a jury, or ( ) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**Plaintiffs are asserting a claim for punitive damages pursuant to provisions of O.C.G.A. § 51-12-5.1. If the jury's initial verdict in this matter is that this is an appropriate case for an award of punitive damages, then pursuant to the provisions of O.C.G.A. § 51-12-5.1(d)(2) the trial shall immediately be recommenced in order to receive such evidence as is relevant**

4

**to a decision regarding what amount of damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case.**

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination. **See Attachment "B-1"**.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination. **See Attachment "B-2"**.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiffs' voir dire questions:

**Any defense objections to plaintiffs' voir dire questions shall be filed fourteen (14) days prior to any scheduled trial of this action.**

State any objections to defendant's voir dire questions:

**Any plaintiffs' objections to defendant's voir dire questions shall be filed fourteen (14) days prior to any scheduled trial of this action.**

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

**None.**

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statues, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**See Attachment "C".**

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statues, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any

counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation of the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**See Attachment "D".**

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

**None at this time.**

17.

The legal issues to be tried are as follows:

1. **Whether General Motors was negligent in the design of the subject vehicle;**

2. **Whether General Motors was negligent in its warnings and/or failure to warn as to the subject vehicle;**

3.     **Whether General Motors is strictly liable for the harm suffered by Bonnie Reynolds and Matthew Reynolds;**

4.     **Whether the harm suffered by Bonnie Reynolds and Matthew Reynolds was foreseeable to General Motors;**

5.     **Whether General Motors' negligence was a proximate cause of the harm suffered by Bonnie Reynolds and Matthew Reynolds;**

6.     **Whether Plaintiffs are entitled to compensatory damages, and, if so, the amount;**

7.     **Whether Plaintiffs are entitled to punitive damages, and, if so, the amount;**

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at the trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the

witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

**See Attachments "F-1" and "F-2".**

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G-3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue

stickers to defendant's exhibits, and numbered white stickers to join exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to the authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which any objection is not raised shall be deemed to have been stipulated as to the authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**See Attachments "G-1" and "G-2". Specific objections to another party's exhibits shall be filed fourteen (14) days prior to any scheduled trial of this action.**

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**As to Plaintiffs: (1) Deposition of Steve Cassatta – Entire Deposition; (2) Deposition of Dennis Vallad – Entire Deposition; (3) Deposition of Kenneth B. Kitchens – Page 4 Lines 19-25 through Page 9 Line 11; Page 9 Line 17 through Page 11 Line 6; Page 11 Line 17 through Line 21; Page 12 Line 2 through Line 18; Page 13 Line 24 through Page 16 Line 23; Page 17 Line 5 through Page 23 Line 14; Page 23 Line 18 through Page 24 Line 1; Page 26 Line 18 through Page 30 Line 23; Page 42 Line 11 through Page 43 Line 4; Page 43 Line 11 through Page 45 Line 12; Page 45 Line 15 through Page 46 Line 13; and Page 46 Line 17 through Page 47 Line 11; (4) Deposition of Melvin Tharon Dukes – Page 4 Line 23 through Page 22 Line 8; Page 23 Line 1 through Page 38 Line 6; Page 38 Line 12 through Page 42 Line 4; and Page 54 Line 3 through Page 56 Line 13.**

Any objections to the depositions of the foregoing persons or to any

questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

**The parties reserve the right, with the Court's permission, to file trial briefs fourteen (14) days before the date on which the case is calendared for trial.**

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which

the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be

limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**The parties do anticipate the need for additional time for argument. Plaintiffs would request one and a half (1.5) hours per side in this product liability and wrongful death action. Defendant believes that one (1) hour per side for closing arguments is sufficient.**

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on September 15, 2005, and again on January 5, 2008 to discuss in good faith the possibility of settlement of this case. The court ( ) has or ( **X** ) has not discussed settlement of this case with counsel. It appears at this time that there is:

   ( ) A good possibility of settlement.

   ( ) Some possibility of settlement.

   ( **X** ) Little possibility of settlement.

(  ) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

**It is the parties understanding that the case has been specially set for trial beginning June 2, 2008.**

28.

The plaintiff estimates that it will require __7__ days to present its evidence. The defendant estimates that it will require __5__ days to present its evidence. It is estimated that the total trial time is __15__ days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case ( **X** ) submitted by stipulation of the parties or (  ) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice.

Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

    IT IS SO ORDERED this _____ day of _____, 20\_\_\_.

_____
RICHARD W. STORY
United States District Judge

    Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

    Attorneys for Plaintiffs

    BLASINGAME, BURCH, GARRARD
    & ASHLEY, P.C.

    　s/ Andrew J. Hill, III
    Henry G. Garrard, III
    Georgia Bar No. 286300
    Andrew J. Hill, III
    Georgia Bar No. 353300

P. O. Box 832
Athens, GA 30603
(706) 354-4000

(706) 353-0673 fax

        WILNER BLOCK, PA
        Norwood S. Wilner
        Florida Bar No. 222194
        Aaron Metcalf
        Florida Bar No. 122297

3127 Atlantic Blvd., Suite 3
Jacksonville, FL 32204
(904) 446-9817
(904) 446-9825 fax

        Attorneys for Defendant

        KING & SPALDING, LLP

        <u>s/ Robert B. Friedman</u>
        W. Ray Persons
        Georgia Bar No. 573525
        Robert B. Friedman
        Georgia Bar No. 277711

1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 572-4600
(404) 572-5136 fax

        BOWMAN AND BROOKE, LLP
        Thomas M. Klein

2901 North Central Avenue
Suite 1600
Phoenix, Arizona 85012
(602) 643-2300
(602) 248-0947 fax