## ATTACHMENT "C"

## PLAINTIFFS' OUTLINE OF THE CASE

Succinct Factual Summary of Plaintiffs' Cause of Action

This case arises from a vehicle rollover incident involving a 1995 Chevy Blazer. The incident occurred on Interstate 985 in Hall County, Georgia on June 3, 2002. At the time of the accident, Plaintiff Bonnie Reynolds was operating the Blazer, and her son, Matthew Reynolds, was a passenger in the front seat of the vehicle. Another vehicle, operated by William Merritt, Jr., who is not a party of this action, struck the Reynolds' vehicle twice. After this contact, approximately 400 feet farther down the road, the Blazer rolled multiple times. At some point during the incident, the Blazer sustained roof crush on the passenger side, the front passenger door appeared to have opened and windows were broken out. Matthew Reynolds was ejected from the vehicle during this rollover, and as a result of the accident, sustained serious injuries. He died as a result of these injuries the following day.

Plaintiffs filed suit alleging that the 1995 Chevy Blazer was defective and, that Defendant General Motors Corporation (hereinafter "GM") was negligent in designing, manufacturing and selling the vehicle and is liable for said negligence and/or strictly liable for same. Plaintiffs contend that the Blazer had insufficient

stability to prevent a rollover during emergency steering maneuvers and that the vehicle suffered from insufficient crashworthiness and roof structure. Plaintiffs also contend that GM ineffectively and/or failed to adequately communicate warnings of the dangers associated with these alleged defects. Plaintiff Administrator Mr. Reynolds seeks compensatory damages for last pain and suffering of Matthew Reynolds, as well as medical and funeral expenses. Mr. and Mrs. Reynolds jointly seek to recover for Matthew Reynolds' wrongful death. Mrs. Reynolds also seeks damages for her own injuries and her physical and mental pain and suffering/emotional distress. Mr. Reynolds seeks damages for loss of consortium. Plaintiffs also seek punitive damages.

Relevant Rules, Regulations, Statutes, Ordinances and Illustrative Case Law Creating Specific Legal Duties Relied upon by Plaintiffs

(1) As to Strict Liability in Tort – O.C.G.A. § 51-1-11; Center Chemical v. Parzini, 234 Ga. 868 (1975); Banks v. ICI Americas Inc., 264 Ga. 732 (1994); S K Hand Tool Corp. v. Lowman, 223 Ga. App. 712 (1996).

(2) As to Defective Design – Hunt v. Harley-Davidson Motor Co. Inc., 147 Ga. App. 44 (1978); Banks v. ICI Americas Inc., 264 Ga. 732 (1994); Wilson Foods Corporation v. Turner, 218 Ga. App. 74 (1995).

(3) As to Negligent Failure to Warn – Center Chemical Co. v. Parzini, 234 Ga. 868 (1975); Chrysler Corp. v. Batten, 264 Ga. 723 (1994); Wilson Foods Corporation v. Turner, 218 Ga. App. 74 (1995).

(4) As to Crashworthiness – Polston v. Boomershine Pontiac-GMC Truck, Inc., 262 Ga. 616 (1992).

Negligence Cause of Action

    (1)    Negligent Failure to Warn

Damages Claimed

| | |
|---|---|
| (1)(a) | Last physical and mental pain and suffering of Matthew Reynolds, deceased; |
| (b) | $1,750,000.00; |
| (c) | O.C.G.A. § 9-2-41; Gilmer v. City of Atlanta, 737 F.2d. 894, 899 (11th Cir. 1984); Ford Motor Co. v. Stubblefield, 171 Ga. App. 331 (1984); Donson Nursing Facilities, Inc. v. Dixon, 176 Ga. App. 700 (1985). |
| (2)(a) | Bonnie Reynolds' claim for physical and mental pain and suffering/emotional distress; |
| (b) | $1,000,000.00; |
| (c) | Lee v. State Farm Mut. Ins. Co., 272 Ga. 583 (2000); |
| (3)(a) | Medical/doctor/hospital expenses and funeral expenses; |
| (b) | Funeral bill $7,682.45; Bonnie Reynolds' medical bills $2,030.40; Matthew Reynolds' medical bills $28,297.30; |
| (c) | O.C.G.A § 51-12-7; |
| (4)(a) | Wrongful death of Matthew Reynolds |
| (b) | $18,000,000.00; |
| (c) | O.C.G.A § 51-4-1 |

(5)(a)   Garland Reynolds' loss of consortium claim;

(b)      $25,000.00;

(c)      O.C.G.A. § 51-1-9;

(6)(a)   Punitive damages;

(b)      $50,000,000.00;

(c)      O.C.G.A § 51-12-5.1