**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| GARLAND REYNOLDS, JR., as Administrator of the Estate of MATTHEW JOHN REYNOLDS; BONNIE J. REYNOLDS and GARDLAND REYNOLDS, JR., as Surviving Parents of MATTHEW JOHN REYNOLDS, deceased; BONNIE J. REYNOLDS, Individually; and GARLAND REYNOLDS, JR., Individually and as Husband of BONNIE J. REYNOLDS,<br><br>        Plaintiffs,<br><br>    v.<br><br>GENERAL MOTORS CORPORATION,<br><br>        Defendant. | CIVIL ACTION NO. 2:04-CV-106-RWS |

## **ORDER**

This case is before the Court on Defendant's Motion for Judgment as a Matter of Law or for a New Trial [262], Plaintiffs' Motion for Leave to File Supplemental Response to GM's Renewed Motion for Judgment as a Matter of

Law [270], and Defendant's Motion to Review Bill of Costs [271]. After considering the entire record, the Court enters the following Order.

## I. Background

On June 18, 2008, the jury in this case returned a verdict finding that a defect in the 1995 Chevrolet Blazer proximately caused Matthew Reynolds' death and Bonnie Reynolds' injuries. The jury awarded damages in the amount of $3,500,000.00. After reducing the award to account for settlement payments from non-parties, the Court entered judgment in Plaintiffs' favor on June 23, 2008 in the amount of $3,450,000.00.

## II. Discussion

### A. Motion for Judgment as a Matter of Law or for a New Trial [262]

Defendant General Motors Corporation ("GM") moves for judgment as a matter of law or for a new trial, arguing that Plaintiffs' evidence was insufficient as a matter of law to support the verdict reached by the jury. See Dkt. No. [262]. The Eleventh Circuit has established the following standard for granting a motion for judgment as a matter of law under FED. R. CIV. P. 50(b):

> In reviewing the sufficiency of the evidence to support the
> jury's verdict, we draw all reasonable inferences in favor of
> the non-movant . . . in order to determine whether or not

> reasonable jurors could have concluded as this jury did based on all the evidence presented.

Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998) (internal citations omitted).

First, Defendant argues that Plaintiffs failed to prove the existence of a defect in the handling and stability of the Blazer. Second, GM contends that Plaintiffs failed to establish that, if such a defect existed, it proximately caused any of Plaintiffs' injuries. Third, GM argues that Plaintiffs failed to establish that any defect in the handling and stability of the Blazer proximately caused any enhanced injuries to Bonnie Reynolds or to Matthew Reynolds. Finally, GM claims that Plaintiffs failed to establish the existence of any defect in the warnings accompanying the subject Blazer, or that such a defect was a proximate cause of Plaintiffs' injuries. For these reasons, GM renews its motion for judgment as a matter of law or in the alternative moves the Court for a new trial.

The Court concludes, however, that there is ample evidence in the record from which a reasonable jury could find a handling and stability defect in the 1995 Blazer. The jury could reasonably come to such a conclusion based on the

testimony of Plaintiffs' expert Dr. David Renfroe, who testified about stability studies, dynamic tests employed by engineers to measure the stability of vehicles like the Blazer, and his opinions concerning the design of the mishap vehicle.  Dr. Renfroe's testimony was proper, and the testing upon which he relied was scientifically reliable.  The Court found that Dr. Renfroe laid a sufficient foundation for the introduction of the tests by Robert Hooker and that objections by Defendant went to the weight rather than the admissibility of the evidence.  (T-770.)[1]  The Court concludes that the evidence Dr. Renfroe provided supplied sufficient grounds for a reasonable jury to conclude that the mishap vehicle suffered from a design defect, which caused the injuries in this case.  Additionally, Mr. Dennis Vallad, a mechanical engineer acting as GM's representative, testified that one of GM's design goals was to prevent vehicles from undergoing untripped rollovers.  His testimony provided the jury with evidence to reasonably conclude that a failure to achieve this goal constituted a design defect in the Blazer.  Plaintiffs' expert Stan Andrews testified about his

---

[1] Defendant did not raise a timely Daubert challenge to Hooker's tests.  See LR 26.2C, N.D. Ga.(objections to expert's testimony based on Daubert must be filed "no later than the date that the proposed pretrial order is submitted" or the "objections will be waived").

4

reconstruction of the accident and his conclusion that the rollover was untripped. Because the rollover was untripped, the jury could reasonably conclude that the mishap vehicle was defective. Finally, based on the evidence given during the trial regarding the nature of the injuries suffered by Matthew Reynolds and Bonnie Reynolds, a reasonable jury could conclude that the mishap vehicle was the proximate cause of the injuries.

GM also moves for a new trial because, Defendant claims, the jury was incorrectly instructed that if it found that a defect in the Blazer caused Plaintiffs to suffer enhanced injuries, GM was liable "regardless of who was at fault in causing the accident or collision." Defendant challenges this "crashworthiness" instruction based on its contention that such a doctrine does not apply to the facts of this case. The Court already considered and rejected Defendant's argument on this question before the jury instructions were given.

The law on crashworthiness is well settled in Georgia. As Defendant explains in its brief,

> [a] 'crashworthy' vehicle is one which, in the event of a collision, resulting accidentally or negligently from the act of another and not from any defect or malfunction in the vehicle itself, protects against unreasonable risk of injury to the occupants . . . Courts and commentators sometimes

5

> have used the term 'second collision' [which] . . . has been used to refer to . . . ejection cases in which the second collision is between the passenger and the ground.

Def.'s Br. Dkt. No. [262-2] at 21.

This case involves a collision between the Merritt vehicle and the Reynolds vehicle - which collision, Plaintiffs contend, resulted from the acts of Merritt and not from any defect in the Reynolds' vehicle - and in which event the vehicle failed to protect its occupants from unreasonable risk of injury (i.e. by rolling over due to its defective design). Likewise, this case involves a "second collision" as described in crashworthiness cases, in which Matthew was ejected from the vehicle and struck the ground.

The Court concludes that GM has misconstrued the crashworthiness doctrine by urging that it "is not applicable when it is alleged only that . . . a stability defect caused the rollover . . ." Def.'s Br. Dkt. No. [262-2] at 21. See, e.g., Volkswagen of America, Inc. V. Marinelli, 628 So.2d 378, 385 (Ala. 1993) (concluding, under similar facts, that such an argument "had no basis in logic or fact").

GM argues that Plaintiffs failed to meet their burden under the law to prove the extent of Matthew Reynolds' injuries over and above those that were

6

sustained in the collision with the Merritt vehicle.  The correct statement of the law is that "once the plaintiff has proved the existence of an injury-enhancing defect, the burden falls on the defendant to prove the degree of injury attributable to other causes."  Ford Motor Co. v. Tippins, 225 Ga. App. 128, 131 (1997).  Evidence at the trial that Matthew was ejected during the rollover and sustained his fatal injuries from the ejection met Plaintiffs' burden under Tippins.  The evidence was uncontradicted that Matthew was not ejected as a result of the collision with the Merritt vehicle but rather he was ejected during the rollover.  There was evidence from which the jury could find that the rollover was the result of the defect alleged by Plaintiffs.  Therefore, the issue was properly submitted to the jury.

In addition, GM argues that it is entitled to judgment as a matter of law on Plaintiffs' claim that GM failed to adequately communicate warnings.  The court granted summary judgment on Plaintiffs' claim based on the adequacy of the content of the warnings provided by GM. (Sept. 28, 2007 Order [156] at 29.)  However, the Court concluded that the adequacy of the communication of warnings was "a question uniformly held for the jury."  Id. at 28 (citing Stapleton v. Kawasaki Heavy Indus., Inc., 608 F.2d 571, 573 (5th Cir. 1979)).

7

No evidence presented at trial convinces the Court that this issue did not remain one that should be held for the jury.

Finally, GM claims that a new trial is necessary because, during jury deliberations, after asking for testimony regarding the roof-crush claim to be repeated, the jury should have been instructed not to consider evidence regarding Plaintiffs' roof-crush claim, which the Court dismissed at the close of Plaintiffs' presentation of evidence. The testimony in question was given by Stephen Cassatta, and the Court did not allow any of his testimony to be read back to the jury. Rather, the Court instructed the jury as follows: "Also, as to Mr. Cassatta's testimony, that testimony will not be read to you. Based upon previous rulings that the Court has made, that is not a matter that the Court has determined is appropriate for your consideration at this time; and, therefore, you will not be having any of that deposition read to you." (T-1488.) In light of this instruction, there is no basis for concluding that the jury relied on evidence related to GM's safety goal for roof performance in rollover incidents. In any event, the fact that the Court granted GM's motion for directed verdict with respect to Plaintiffs' roof crush defect claim upon the close of Plaintiffs' evidence did not retrospectively render Cassatta's testimony inadmissible or

otherwise improper. The Court instructed the jury that roof crush was not an issue for their consideration. The fact that the jurors heard proper, admissible evidence on a claim or theory that they were later instructed was no longer before them is not a basis for granting a new trial. It is also noteworthy that the document stating GM's roof crush goals was never admitted into evidence and, thus, was not sent out with the jury.

**B. Plaintiffs' Motion for Leave to File Supplemental Response to GM's Renewed Motion for Judgment as a Matter of Law [270]**

After reviewing the record and the briefs of both parties, the Court concludes that further briefing on this matter is unnecessary. Therefore, Plaintiffs' Motion for Leave to File Supplemental Response to GM's Renewed Motion for Judgment as a Matter of Law [270] is hereby **DENIED**.

**C. Defendant's Motion to Review Bill of Costs [271]**

Defendant GM, pursuant to Federal Rule of Civil Procedure 54(d), has moved the Court to review plaintiffs' bill of costs. GM asks the Court to enter an order that each party is responsible for its own costs or to review Plaintiffs' Bill of Costs and strike or reduce certain allegedly inappropriate items.

9

On July 23, 2008, Plaintiffs filed a Bill of Costs for this matter totaling just under $40,000.00. GM argues that no costs should be taxed against it because there was no clear prevailing party in this case. The Court rejects this assertion, and concludes that even though some of Plaintiffs' claims failed, Plaintiffs remain the clear prevailing party. See In re Corrugated Container Antitrust Litigation, 756 F.2d 411, 418 (5th Cir. 1985) (concluding that it is in the court's discretion to allow costs to either party where both have prevailed in part).

Furthermore, the Court finds that GM's Motion was untimely. When moving for the court to review the taxing of costs, the motion must be served within 5 days of the clerk's entry of the Bill of Costs. FED. R. CIV. P. 54(d). Here, Defendant did not serve the motion until the tenth day, and it is therefore untimely and due to be **DENIED**.

### III. Conclusion

In conclusion, Defendant's Motion for Judgment as a Matter of Law or for a New Trial [262] is hereby **DENIED**. Plaintiffs' Motion for Leave to File Supplemental Response to GM's Renewed Motion for Judgment as a Matter of

10

AO 72A
(Rev.8/82)

Law [270] is hereby **DENIED**, and Defendant's Motion to Review Bill of Costs [271] is hereby **DENIED**.

    **SO ORDERED**, this   1st   day of October, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE